# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| APRIL D. PARISH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-10-314-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant April D. Parish requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining she was not disabled. As discussed below, the Commissioner's decision is REVERSED and the case is REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on November 3, 1985, and was twenty-four years old at the time of the administrative hearing. (Tr. 78, 371). The claimant graduated from high school and testified that she was scheduled to graduate from Northeastern State University on December 19, 2009 with a degree in developmental psychology with a minor in Asian studies. (Tr. 370-71). The claimant initially alleged an onset date of November 3, 1985, but that onset date was amended at the hearing to June 1, 2006. (Tr. 366-67). The claimant alleges that she has been unable to work because of congenital hydrocephalous, grand mal and petit mal seizures, a Dandy Walker brain cyst, and migraines. (Tr. 83).

## Procedural History

The claimant applied on December 6, 2007 for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. ALJ Deborah L. Rose determined the claimant was not disabled in a written opinion dated January 22, 2010. (Tr. 55-63). The Appeals Council denied review, so the ALJ's opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981; 416.1481.

## Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential evaluation. She found that the claimant had severe impairments, *i. e.*, epilepsy, hydrocephalus, Dandy-Walker syndrome, general anxiety disorder, and migraines (Tr. 17), but retained the residual functional capacity ("RFC") to lift/carry twenty pounds occasionally and ten pounds frequently, stand/walk/sit for six hours in an eight-hour workday, and push/pull twenty pounds occasionally and ten pounds frequently (Tr. 19). The ALJ found that the claimant could understand, remember, and carry out simple one- and two-step tasks and "some more detailed tasks which do not require strong short-term memory," complete a normal workday/work week and adapt to a work setting, but not relate effectively to the general public (Tr. 19). The ALJ concluded that the claimant was not disabled because there was work in the national economy that she could perform, *i. e.*, bench assembler and electronics assembler. (Tr. 24).

## Review

The claimant contends that the ALJ erred: (i) by failing to discuss probative medical evidence supporting her complaints of fatigue and headaches; and (ii) by failing to properly analyze her RFC at step four. The Court finds that the ALJ did fail to properly the claimant's RFC, but for a different reason than the one urged by the claimant.

The claimant's problems with hydrocephaly are congenital, as she was born with a Dandy Walker cyst, and this problem has resulted in several surgeries to place and replace shunts in her brain. (Tr. 121). Following the more recent surgeries, the claimant

has noticed increased memory problems.  (Tr. 121).  In March 2007, the claimant was treated at St. John's Medical Center, where she underwent yet another surgery to replace a malfunctioning shunt.  (Tr. 131).  The claimant has experienced seizure episodes since she was ten years old, and keeps a seizure log, which was made a part of the record.  (Tr. 121, 263).  Her seizure log reveals that she experiences 1-3 seizure episodes per month.  (Tr. 263).

On June 18, 2007, the claimant sought treatment at Northeastern Oklahoma Community Health Centers for stabbing pains in her head that had lasted two-three weeks.  (Tr. 250).  The claimant also complained at that time that her pain caused her to lie in the fetal position, that she was experiencing daily headaches, and the right side of her head felt numb and "touchy."  (Tr. 250).  On January 14, 2008, a physician at NEOCHC noted claimant frequent headaches and chronic fatigue.  (Tr. 245).

State consultative examiner Dr. Jimmie W. Taylor, M.D. examined the claimant on March 20, 2008 and determined that she suffered from hydrocephalus, Dandy Walker cyst, an abscess in her left anterior cervical area, seizure disorder, anxiety (with a question of agoraphobia), and migraines.  (Tr. 255).  The claimant reported that she felt she was unable to work because of her dizzy spells, anxiety, generalized weakness, and decreased coordination (caused by the cyst on her brain).  (Tr. 257).  The claimant, however, showed that she had full range of motion in her wrist, hands, fingers, and back.  (Tr. 260-61).  Dr. Taylor also completed a Report of Examination for Seizure Disorder, in which he noted that claimant experienced 2-3 seizures per month which lasted from five-

ten minutes each. (Tr. 262). Following her seizures, she had a loss of memory and a loss of control over her bowel and bladder. (Tr. 262). Her EEG results were abnormal. (Tr. 262).

State reviewing physician Dr. Luther Woodcock, M.D. completed a Physical Residual Functional Capacity Assessment, in which he made the following findings: i) claimant could lift and/or carry 20 pounds occasionally and 10 pounds frequently; ii) claimant could stand and/or walk for six hours in an eight-hour workday; iii) claimant could sit for six hours in an eight-hour workday; iv) claimant's ability to push and/or pull was unlimited; v) claimant could occasionally climb, balance, stoop, kneel, crouch, and crawl; and vi) claimant should avoid all hazards, *i. e.*, machinery, heights, etc.

State agency consultative examiner Dr. Denise LeGrand, Psy.D. also examined claimant with regard to her mental limitations. Dr. LeGrand diagnosed the claimant with generalized anxiety disorder and assessed her GAF at 60 (Tr. 276). Dr. LeGrand also noted that claimant's "response in a work setting is low to below average" (Tr. 277).

Dr. Janice B. Smith, a state agency reviewing physician, completed a Psychiatric Review Technique form on June 17, 2008. She found that the claimant had a generalized persistent anxiety disorder characterized by apprehensive expectation and vigilance and scanning (Tr. 284). She concluded that the claimant was mildly limited in her activities of daily living and moderately limited in maintaining social functioning, concentration, persistence or pace (Tr. 289). Dr. Smith also completed a Mental Residual Functional Capacity Assessment based on her findings, which indicated that the claimant was

moderately limited in her ability to understand and remember detailed instructions and ability to carry out detailed instructions, and she was markedly limited in her ability to interact appropriately with the general public (Tr. 293-94).

The Court finds that the ALJ failed to properly analyze the varying opinions of Dr. LeGrand and Dr. Smith, about which the ALJ wrote the following in her opinion:

> As for the opinion evidence, great weight is given to the State Agency medical consultants' opinions regarding both the claimant's physical and mental impairments. These consultants are experts in the Social Security program. The opinions are well supported by the medical evidence of record and are uncontradicated." [sic].

(Tr. 23). The problem with this analysis is that Dr. Smith (who reviewed the claimant's medical records but did not examine her) found that the claimant was capable of adapting to a work setting, but Dr. LeGrand (who actually examined the claimant) found that her claimant's ability to respond to a work setting was "low to below average" (Tr. 277). Thus, contrary to the ALJ's statement above, the state agency doctors' opinions *are not* uncontradicted, *i. e.*, they contradict each other with respect to the claimant's ability to adapt to a work setting, which is significant in the step four analysis of claimant's RFC (as well as the ALJ's step five questioning of the VE). *See Havenar v. Astrue*, 438 Fed. Appx. 696, 699-700 (10th Cir. 2011) (finding that the ALJ's failure to include in the hypothetical question posed to the VE that claimant had a low to below average ability to "perform adequately in most job situations, handle the stress of a work setting and deal with supervisors or co-workers" was reversible error because the ALJ failed to adequately explain why he incorporated the findings of reviewing physicians over those

of the consultative examiner) [unpublished opinion].  The ALJ obviously adopted Dr. Smith's opinion, but she failed to explain why she found the opinion of a reviewing physician's more persuasive than the opinion of an examining physician.  *See Miranda v. Barnhart*, 205 Fed. Appx. 638, 641 (10th Cir. 2005) (noting that the ALJ did not adequately explain why the opinion of a non-examining physician deserved greater weight than the opinion of an examining physician) [unpublished opinion].

Because the ALJ *did* commit error in analyzing the claimant's RFC at step four, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further analysis as outlined above.  If on remand there are any changes to the claimant's RFC, the ALJ should re-determine what work she can perform, if any, and ultimately whether she is disabled.

## Conclusion

The Court finds that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence.  The decision of the Commissioner is accordingly REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 29th day of March, 2012.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma